NICHOLAS LAGANI, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Submitted November 6, 1924—Decided March 18, 1925.

**Negligence—Injury While Alighting From Trolley Car—Conflict of Testimony Whether Accident Actually Occurred While Alighting, or Afterward Through Contact With Another Car —Judgment for Plaintiff Appealed as Against Weight of Evidence—Not Apparent That It was So Much Against Weight as to Justify Reversal.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Feinberg & Feinberg.*

For the defendant, *Leonard J. Tynan.*

PER CURIAM.

Plaintiff was injured upon the occasion of his alighting from a car of the defendant company on which he had been a passenger, at the corner of Avenue C and Thirty-eighth street, in the city of Bayonne. The plaintiff made the rather unusual claim that, having boarded the car at Twenty-second street, and desiring to alight at Thirty-eighth street, there was some dispute with the conductor as to whether he had paid his fare, that the car stopped and the folding door of the vestibule was opened partly to allow plaintiff to alight and partly to allow an intending passenger to get aboard, and that, as plaintiff stepped down to alight from the car, the door was suddenly slammed and caught his head, breaking his jaw and inflicting other rather serious injuries, for which he had to be taken to the hospital. This was the gravamen of the plaintiff's case. The claim on the part of the defendant was that nothing of this kind happened, but that the

plaintiff dismounted uninjured from the car, and, going around the rear of it to cross the southbound track on his day to his work, he ran into the front of a southbound car which was passing at the time. This was the substantial dispute between the parties, and the jury resolved it in favor of the plaintiff's claim.

The only reason urged on this rule is that the verdict was against the weight of evidence. Numerically, the witnesses are about equally balanced, and their stories are equally positive. The evidence is very conflicting as to where plaintiff was lying when he was picked up. If he was lying on the northbound track or to the eastward of it, this fact would make for the correctness of his claim. If, on the other hand, he was lying on or near the southbound track when picked up, it would support the claim of the defendant. As a matter of fact, he seems to have been picked up by the driver and passengers of a sort of jitney bus which was on its way southward on the westerly side of Avenue C, containing employes of the Standard Oil Company, who were being transported to their work at Constable's Hook, and their testimony is very positive that the plaintiff was lying over towards the easterly curb of Avenue C, and that the bus had to cross over to the wrong side of the street in order to pick him up. These witnesses were, of course, entirely unprejudiced, and they seem to have been thoroughly intelligent.

On a view of the whole evidence, we do not feel satisfied that the verdict of the jury was so much against the weight of evidence as to bring it within the rule justifying a reversal of the verdict and a new trial, and while the plaintiff's story is a somewhat strange one, we conclude that the rule to show cause ought to be discharged.